IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-04663-GPG

OLUWATOSIN AIYENURO,

Petitioner,

v.

JUAN BALTAZAR, Warden Aurora ICE Processing Center,
GEORGE VALDEZ, Denver Field Office Director U.S. Immigration and Customs Enforcement,
DAVID J. VENTURELLA, Senior Official, U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, and
TODD BLANCHE, U.S. Attorney General, in their official capacities,

Respondents.

---

**ORDER**

---

Before the Court is the Verified Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Petition) (D. 1) and Petitioner's Motion to Enforce this Court's Order and for Relief (Motion) (D. 5).

On September 23, 2026, the Court granted in part Petitioner's petition for a writ of habeas corpus and granted Petitioner "a bond hearing at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest. *See Batz Barreno*, 2025 WL 3190936, *3 (holding that the government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any other person or to the community by clear and convincing evidence)" (D. 3 at 3).

Petitioner had a bond redetermination hearing on October 1, 2026. The Immigration Judge (IJ), Robyn Ross, denied bond in an Order of Immigration Judge (Decision) based on a finding that Petitioner "presents a flight risk" (D. 4-1 at 5). On September 8, 2026, petitioner again sought relief, seeking release (D. 5).

Respondents, while "not conced[ing] that the Motion is meritorious," declined to submit a brief in opposition to Petitioner's motion, recognizing "that the Court may then decide to grant the Motion and award appropriate relief" (D. 7 at 1). The Court grants the Petition (D. 1) and Motion (D. 5).

Accordingly, pursuant to this Court's inherent authority to enforce its August 28, 2026 Order and Respondents' failure to oppose Petitioner's motion or provide a basis for denial, it is ORDERED that Petitioner shall be released from custody within 48 hours, and Petitioner SHALL update this Court in writing upon his release. *See United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011) ("This court . . . will not craft a party's arguments for him." (quoting *Perry v. Woodward*, 199 F.3d 1126, 1141 (10th Cir. 1999))); *Santucci v. Commandant, United States Disciplinary Barracks,* 66 F.4th 844, 851 n.9 (10th Cir. 2023) ("[U]nder the party-presentation principle, we, not only will not, but 'cannot make arguments for [a party].'" (quoting *Yelloweagle,* 643 F.3d at 1284))). Respondents may not impose additional or more onerous conditions on Petitioner than those that have previously been found appropriate by an IJ. Respondents must file a status report certifying compliance within five (5) days.

It is FURTHER ORDERED that Respondents are prohibited and enjoined from re-detaining Petitioner on the same grounds unless and until a final order of removal issues.

DATED October 13, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge